UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60631-COOKE/BANDSTRA

JEFFREY R. SWATERS,

    *Plaintiff*,

v.

OCCUPATIONAL HEALTH CARE OF
FLORIDA, INC.,

    *Defendant*.

_____/

## ORDER GRANTING MOTION FOR REMAND

This matter is before me on Plaintiff's Motion to Remand [D.E. 7], Defendant's Response in Opposition [D.E. 10] and Plaintiff's Reply thereto [D.E. 11]. I am granting Plaintiff's motion.

### I. BACKGROUND

Plaintiff Jeffrey R. Swaters filed a one count Complaint for common law negligence in the Circuit Court of the Seventeenth Judicial Circuit of the State of Florida in and for Broward County, Florida against Defendant Occupational Health Care of Florida, Inc. [D.E. 1, Ex. A]. Plaintiff alleges that Defendant breached its duty to use ordinary care by mislabling a ruine sample it collected from Plaintiff. Defendant filed its Notice of Removal, alleging that this court has jurisdiction pursuant to 28 U.S.C. § 1331. [D.E. 1]. Plaintiff filed a Motion to Remand on May 21, 2010.

### II. LEGAL STANDARD

Federal courts are courts of limited rather than general jurisdiction. *Kelly v. Harris*, 331

F.3d 817, 819 (11th Cir. 2003). Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Absent diversity of citizenship, federal question jurisdiction is required. *Id.* The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Id.* Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly, and all doubts about jurisdiction should be resolved in favor of remand to state court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

### III.  ANALYSIS

Plaintiff argues that remand is required in this case because state court is the only appropriate venue for his common law negligence claim. I agree. Plaintiff's Complaint alleges that Defendant was negligent when it collected his urine for a random drug test required by federal regulations. Defendant contends that removal is appropriate because Plaintiff's allegations against it "...are founded upon federally enacted laws and federal regulations..." After reviewing Plaintiff's Complaint, I cannot agree that his claim against Defendant is founded upon federal laws and regulations.

The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction. *Ayres v. Gen. Motors Corp.*, 234 F.3d 514 (11th Cir. 2000). While the Complaint acknowledges that the drug test was required by federal regulations, there is no claim that any federal laws were violated. Without such an assertion, I can not conclude that this court has jurisdiction over Plaintiff's common law negligence claims. *Accord Coral Gables Fed. Sav. and Loan Ass'n v. Harbert*, 527 F. Supp. 284, 287 (S.D. Fla. 1987)("A right or

immunity created by United States law must be an essential element of the plaintiff's cause of action for there to be jurisdiction under 28 U.S.C. § 1331") (citation omitted).

## IV.  CONCLUSION

1. Plaintiff's Motion to Remand [D.E. 7] is **GRANTED**.

2. This matter is **REMANDED** back to the Seventeenth Judicial Circuit of the State of Florida in and for Broward County, Florida.

3. The clerk shall **CLOSE** this matter.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 29th day of June 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:

*The Honorable Ted E. Bandstra*
*All counsel of record*